<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN MCDONNELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 03-1999 |
| v. | : | |
| | : | |
| ENGINE DISTRIBUTORS, INC., | : | **OPINION** |
| | : | |
| Defendant. | : | |

**Appearances:**

    Mark Cimino, Esq.
    1045 Cooper Street
    Deptford, NJ 08096
        Attorney for Plaintiff

    Allen A. Etish, Esq.
    Douglas Diaz, Esq.
    Archer & Greiner
    One Centennial Square
    P.O. Box 3000
    Haddonfield, NJ 08033-0968
        Attorney for Defendant

**Rodriguez, Senior District Judge:**

    This matter has come before the Court on cross-motions for summary judgment pursuant to Fed. R. Civ. P. 56. Defendant has moved for summary judgment on the first and second counts of the Complaint and Plaintiff has moved for summary judgment on the same counts. For the reasons discussed below, Defendant's motion for summary judgment is granted in part and denied in part. Plaintiff's cross-motion for summary judgment is denied. Count Two of Plaintiff's complaint is dismissed for lack of jurisdiction.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiff John McDonnell ("McDonnell") filed a Complaint on May 2, 2003, against his former employer Defendant Engine Distributors, Inc. ("EDI"). Count One of Complaint alleges that McDonnell was subject to a forced retirement from his employment as a salesman because of his age, 69, in violation of the ADEA, 29 U.S.C. § 621, et seq. Count Two alleges a corollary violation of the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 et seq. ("NJLAD"). Count Three alleges that Defendant failed to pay Plaintiff the wages he was due in violation of N.J. Stat. Ann.§ 34:11-4.1 et seq. Only Counts One and Two are implicated in the present motion.

McDonnell commenced employment with EDI in October 1963, at age 30, as a salesman. In August 2002, McDonnell was advised that he would be subject to a forced retirement. McDonnell was subsequently terminated by EDI on August 28, 2002. McDonnell believes this was done due to his age. Therefore, on January 20, 2003, McDonnell filed an EEOC charge of discrimination against EDI and subsequently filed this action.

**DISCUSSION**

**A.  Summary Judgment Standard**

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (c). Thus, a court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradicts those offered by the moving party. Anderson, 477 U.S. at 256-57. "A non-moving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)). Indeed,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322.

In deciding the merits of a party's motion for summary judgment, the court's role is not to

evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

**B. Analysis**

EDI's Motion for Summary Judgment on Count One - ADEA

EDI argues that McDonnell's age discrimination claim must fail because McDonnell was terminated for legitimate business reasons and has been unable to prove that these reasons were pretext for discrimination on the basis of age. To establish a prima facie case of age discrimination, a plaintiff must show that he (1) was a member of the protected class, i.e., was over 40 years old; (2) was qualified for the position; (3) suffered an adverse employment decision; and (4) ultimately was replaced by a person sufficiently younger to permit an inference of age discrimination. McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973); Monaco v. Am. Gen. Assurance Co., 359 F.3d 296, 300 (3d Cir. 2004). If the prima facie case is satisfied, the burden of production then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for its action. McDonnell Douglas, 411 U.S. at 802. "Finally, should the defendant carry this burden, the plaintiff then must have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999) (citing Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981)).

In this case, EDI does not challenge, for purposes of summary judgment, that McDonnell

4

has established his prima facie case of age discrimination. (Def. Brief, p. 10.) Shifting the burden of production, then, see St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993), EDI argues that it had legitimate, non-discriminatory reasons for its action: namely that McDonnell (1) had declining sales numbers; (2) failed to comply with EDI's expense and sales call reports policies; and (3) was unable to make use of EDI's electronic equipment.

Specifically, EDI first argues that during the last three years of McDonnell's tenure, his sales decreased from more than 2.1 million dollars in 1999 and 2000 to 1.5 million dollars in 2001 and only 1.1 million dollars during 2002. (Def. Brief, Exhibit E.) EDI states that the decline in sales numbers "caused the Company to lose confidence in [McDonnell's] sales abilities, especially when considered in the context of an increased sales territory and increasing gross profits for the Company." (Def. Brief, p. 12.)

EDI second argues that McDonnell failed to comply with the policies regarding both expense reports and sales calls reports. EDI's policy is that expense reports be submitted, along with the sales call logs, weekly. (Pl. Dep., p. 38:15-17.) EDI points out that McDonnell would not turn in the reports consistently (Pl. Dep., pp. 37:13-23, 38:18-39:3) or completely (Def. Br., p. 13, Exhibit H), and eventually, McDonnell decided not to turn in the reports at all (Pl. Dep., pp. 39:4-40:17). EDI also relies on letters in McDonnell's file, dated 1987, 1997, 2001, and 2002, reprimanding him for failing to turn in his reports per the policy. (Def. Br., p. 13, Exhibits F, G, I, J.)

EDI third argues that McDonnell refused to take advantage of electronic capabilities that it provided, including "voice mail, computerized sales quotes, e-mail, and internet customer research." (Def. Brief, p. 15.) EDI finds support for these statements in McDonnell's own

deposition testimony.[1]  McDonnell testified that he did not use the computer to write customer quotations; rather, he would enlist the help of someone else to complete this task.  (Pl. Dep., p. 19:7-13.)

The Court finds that EDI has satisfied its burden of production by establishing three legitimate, non-discriminatory reasons for terminating McDonnell's employment.  However, McDonnell asserts that these reasons are only a pretext for discrimination.  "To defeat a summary judgment motion based on a defendant's proffer of non-discriminatory [sic] reasons, a plaintiff who has made a prima facie showing of discrimination need point to some evidence, direct or circumstantial, from which a factfinder could reasonably either: (1) disbelieve the employer's articulated legitimate reason; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action."  Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 330-31 (3d Cir. 1995) (citing Fuentes v. Perskie, 32 F.3d 759, 763-64 (3d Cir. 1994)).  The plaintiff is not required to come forward with additional evidence of discrimination beyond his prima facie case if he has pointed to evidence sufficient to discredit the defendant's proffered reason, Fuentes, 32 F.3d at 764, because the factfinder may infer from the combination of the plaintiff's prima facie case, as well as its own rejection of the employer's proffered non-discriminatory reason, that the employer unlawfully discriminated against the plaintiff and was merely trying to conceal its illegal act with the articulated reason, Hicks, 509 U.S. at 510-11.

However, the plaintiff cannot simply show that the employer's decision was wrong or

---

[1]EDI represents that McDonnell would utilize another person to retrieve his voice mail, rather than retrieving the messages himself.  EDI quotes McDonnell's deposition testimony as evidence of same.  However, McDonnell testified that he only called John Delasandro "once every two months or so, whenever the voice mail would[ not] work."  (Pl. Dep., p. 27:1-2.)

mistaken, since the factual dispute at issue is whether a discriminatory animus motivated the employer, not whether the employer is "wise, shrewd, prudent, or competent." Fuentes, 32 F.3d at 765 (citing Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 533 (3d Cir. 1992)). Rather, the non-moving plaintiff must demonstrate such "weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered legitimate reason for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for [the asserted] non-discriminatory reasons." Id.

Here, McDonnell alleges that EDI's first non-discriminatory reason, that his sales decreased from more than 2.1 million dollars in 1999 and 2000 to 1.5 million dollars in 2001 and only 1.1 million dollars during 2002, is a pretext for age discrimination because it is untrue. (Pl. Opp., p. 24.) McDonnell, relying on Brewer, 72 F.3d at 331-32, argues that because he was a salesman, the primary measure of his performance must be his pay, which increased significantly each year. (Pl. Opp., p. 23.)

In Brewer, the plaintiff brought suit against his former employer alleging age discrimination. 72 F.3d at 329. Once the plaintiff had met his prima facie case, the defendant proffered several reasons for his termination, including "continuous performance problems . . . poor follow-up on customer requests, poor communications with clients and with management, too little time spent in his territory, and late and ambiguous sales reports." Id. at 330. In challenging the defendant's proffered reasons, the plaintiff testified to specific examples of errant or misplaced criticisms, provided evidence that he had succeeded in selling oil for twenty-five years, was rated "fully acceptable" by the defendant in his last five performance reviews, and provided evidence that he was the only salesperson to receive a bonus for surpassing his sales

quota for two consecutive years.  Id. at 331. The district court granted summary judgment because it did not believe that the contradictions gave rise to such "'weakness, implausibilities, inconsistencies, incoherences, or contradictions' such that a reasonable factfinder could rationally find the explanation unworthy of credence."  Id. (further citation omitted).

The Third Circuit reversed, reasoning that "[t]he fact that [the plaintiff] received a bonus three months before he was fired . . . is contradictory to [the defendant's] admission that the most important standard of job performance is sales . . . . A factfinder could find it implausible that [the defendant] would have fired [the plaintiff] for such deficiencies when . . . he performed well in the one area deemed by [the defendant] to merit a performance bonus."  Id.  The court went on to state that "the volume of sales may always be the primary measure of a salesperson's performance . . . . To segregate job performance into the neat categories of sales and organization skills defies the reality of the role of a salesperson in a company."  Id. at 331-32.  Like the plaintiff in Brewer, who received a sales bonus, McDonnell received an increase in commission from 3% to 5% during the time that EDI alleges it was dissatisfied with his performance.  This discrepancy is a credibility issue for the factfinder.[2]

McDonnell also challenges EDI's second non-discriminatory reason, that he failed to comply with sales call and expense report policies, as a pretext for age discrimination.  Again, McDonnell relies on Brewer.  In Brewer, the Third Circuit reversed the district court's grant of summary judgment in favor of the defendant-employer, reasoning that a "reasonable factfinder could view [the defendant's] belated reliance on [deficiencies that the employer had tacitly

---

[2]McDonnell argues that the summary chart attached to EDI's brief in support of its Motion for Summary Judgment is inadmissible.  However, given the disposition of EDI's motion, it is unnecessary to reach this issue.

accepted for over two decades] as evidence that tends to show pretext." Id. at 332. In this case, McDonnell has been criticized for his deficiencies regarding sales call and expense reports since 1987. Like the defendant in Brewer, EDI sat idly by for fifteen years, and now proffers these memoranda as evidence of non-discriminatory motive for McDonnell's termination. However, the recent reliance on these criticisms serves as evidence that goes directly to discrediting EDI's non-sales related reasons for firing McDonnell. See id. at 333 n.1.

Although McDonnell does not directly challenge EDI's third, and final, non-discriminatory reason for termination, summary judgment may still be inappropriate. In reference to the requirement that a plaintiff challenge each non-discriminatory reason, the Third Circuit noted that:

> [w]e do not hold that, to avoid summary judgment, the plaintiff must cast doubt on each proffered reason in a vacuum. If the defendant proffers a bagful of legitimate reasons, and the plaintiff manages to cast substantial doubt on a fair number of them, the plaintiff may not need to discredit the remainder. That is because the factfinder's rejection of some of the defendant's proffered reasons may impede the employer's credibility seriously enough so that a factfinder may rationally disbelieve the remaining proffered reasons, even if no evidence undermining those remaining rationales in particular is available.

Fuentes, 32 F.3d at 764, n.7.

The Court finds that McDonnell has adduced enough evidence, and enough of a credibility question, to allow his age discrimination claim to proceed past summary judgment. A plaintiff who has made a prima facie showing of discrimination need only point to evidence establishing a reasonable inference that the employer's explanation is unworthy of credence. Sempier, 45 F.3d at 728; see also Sheridan v. E.I. DuPont deNemours & Co., 100 F.3d 1061, 1067 (3d Cir. 1996) (en banc). The record contains evidence from which a factfinder could

9

reasonably disbelieve the employer's articulated reasons.

EDI's Motion for Summary Judgment on Count Two - NJLAD

EDI also argues that McDonnell's forced retirement claim under the NJLAD must fail for lack of subject matter jurisdiction.[3] Specifically, EDI argues that the sole remedy created by statute is to file a complaint with the New Jersey Attorney General. (Def. Brief, p. 8.) McDonnell argues that N.J. Stat. Ann. § 10:5-12.1 is inapplicable because he was not subjected to forced retirement;[4] rather, he was the victim of age discrimination.[5] (Pl. Brief, p. 31.) However, this argument is undermined by both McDonnell's complaint and his own deposition testimony. McDonnell's complaint states that "[s]ometime in August 2002, [McDonnell] was informed that he would be subject to a forced retirement." (Complaint, p. 2, ¶ 7.) Similarly,

---

[3]Although EDI filed a motion for summary judgment, EDI's underlying argument asserts lack of subject matter jurisdiction under the NJLAD. Therefore, the court will treat EDI's motion for summary judgment as a motion to dismiss for lack of subject matter jurisdiction. See Found. For Fair Contracting, Ltd. v. G&M Eastern Contracting & Double E, LLC., 259 F. Supp. 2d 329 (D.N.J. 2003); Ramsey v. City of Chester, Civ. A. No. 85-5547, 1986 WL 2234 (E.D.Pa. Feb. 19, 1986).

[4] To the extent that the McDonnell argues that he was not subjected to forced retirement because there was no company policy to such effect (Pl. Brief, p. 32), this argument is without merit. N.J. Stat. Ann.§ 10:5-12.1 does not require that a person be forced to retire as part of company-wide policy and this Court will not read such a provision into it. Accord Scudder v. Media Gen., Inc., Civ. A. No. 95-1073, 1995 WL 495945 (D.N.J. Aug. 15, 1995).

[5] In his brief, McDonnell argues:
> In the case at hand, it is without dispute that defendant did not have a mandatory retirement age . . . . [Plaintiff] was terminated on the basis of age at the age of 69 years, 7 months, and 7 days. This hardly represents a mandatory retirement age envisioned by the amendment to the New Jersey Law Against Discrimination.

(Pl. Brief, p. 31.)

McDonnell testified in his deposition that he was not terminated, but that he was forced to retire.[6] (Pl. Dep., p. 13:24-14:7.)

The NJLAD provides that "relief for having been required to retire in violation of the provisions of section 11 of P.L. 1945, c. 169 (C. 10:5-12), shall be available to the person aggrieved by that violation <u>solely</u> through the procedure initiated by filing a complaint with the Attorney General under the provisions of P.L. 1945, c. 169 (C. 10:5-1 <u>et seq.</u>)." N.J. Stat. Ann. § 10:5-12.1 (1985) (emphasis added). It is clear that the statute creating McDonnell's cause of action specifies that relief shall be had with the New Jersey Attorney General and therefore this Court lacks subject matter jurisdiction.[7] <u>Accord</u> <u>Strum v. UAL Corporation</u>, No. Civ. A. 98-264, 1998 WL 784615 (D.N.J. Oct. 8, 1998). Accordingly, the claim must be dismissed.

<u>McDonnell's Motion for Summary Judgment on Counts One (ADEA) and Two (NJLAD)</u>

McDonnell filed a cross-motion for summary judgment on both Counts One and Two. However, the whole of his argument consists of two sentences. McDonnell states that "[o]verall,

---

[6]Specifically, McDonnell testified as follows:
Q: Well, was it your contention that you were fired because of your age?
A: I was not fired. I was asked to retire and I was told it was mandatory retirement. I was not terminated.
Q: Okay. So you quit?
A: No, I was told to retire, that was it, and I was told that was it. But they called it mandatory retirement.
(Pl. Dep., p. 13:24-14:7.)

[7]In McDonnell's brief, he recounts the legislative history of the relevant amendment to the NJLAD; however, because the statutory language of N.J. Stat. Ann. § 10:5-12.1 is unambiguous, it is not necessary to consider the legislative history in order to resolve the motion before the Court. See <u>Pennsylvania Office of Budget v. Dep't of Health and Human Servs.</u>, 996 F.2d 1505, 1510 (3d Cir. 1993) (holding that it is appropriate to look beyond the statutory language only when that language is ambiguous).

11

there are significant issues of both credibility and intent which preclude the entry of summary judgment in this matter in favor of defendant.  However, the court should enter summary judgment as to plaintiff."  (Pl. Opp., p. 27.)  Because there are issues of credibility, and for the reasons expressed above, McDonnell's cross-motion will be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment [18] will be denied, and Plaintiff's motion for summary judgment [21] will be denied.  Counts One and Three will survive, but Count Two will be dismissed.

An appropriate Order will issue this date.


              /S/ Joseph H. Rodriguez
                JOSEPH H. RODRIGUEZ
                U.S.D.J.


Dated: September 26, 2005